IN THE MATTER OF THE APPLICATION OF THE PEOPLE OF THE STATE OF NEW YORK *v.* THE WIDOWS' AND ORPHANS' BENEFIT LIFE INSURANCE COMPANY.

*Policy of life insurance—privilege to surrender and receive paid-up policy—must be claimed during life of policy.*

A policy of insurance was issued to the petitioner on the life of her husband, providing that, in case of a failure to pay the premiums, the company should not be liable for the payment of the sum assured, or any part thereof, and that the policy should cease and determine. It also provided that, upon the surrender of the policy duly receipted, the said company would issue a paid-up policy on the life of the assured, which after payment of premiums for two years should exceed $200, and for every year thereafter should exceed $100.

The policy was issued July 3d, 1868, and the premiums were paid up to January 3d, 1870. In March, 1877, the company was dissolved and a receiver appointed. Subsequently the petitioner applied to surrender the policy and receive a paid-up one. *Held,* that the application was properly denied; that the surrender should have been made during the existence of the policy.

APPEAL from an order denying a motion to allow the petitioner, Justine Schmitt, to surrender a policy issued to her, and receive a paid-up policy therefor.

The policy contained, among others, the following provisions:

"And the said company do further agree that, upon the surrender of this policy, duly receipted and without previous change in the mode of paying premiums, the said company will issue a paid-up policy on the life of the said person whose life is hereby insured, payable as herein provided for an equitable sum, which after payments for two years shall exceed two hundred dollars, and for every year thereafter shall exceed one hundred dollars. * *

"The said premiums shall be paid on or before the days above mentioned for the payment thereof, at the office of the company in the city of New York, unless otherwise expressly agreed in writing, or to agents when they produce receipts signed by the president or secretary; and, in default thereof, then, in every such case, the said company shall not be liable for the payment of the sum assured, or any part thereof, and this policy shall cease and determine."

*Barnes & Hanover*, for the petitioner.

*R. W. Peckham*, for H. R. Pierson, receiver.

BOARDMAN, J.:

The petitioner's policy was issued to the petitioner upon this express condition and agreement: "The said premiums shall be paid on or before the days above mentioned for the payment thereof; * * * and, in default thereof, then, and in every such case, the said company shall not be liable for the payment of the sum assured, or any part thereof, and this policy shall cease and determine."

By the policy, the premiums were to be paid in semi-annual

payments of $58.16, " on or before the third days of January and July in each year during the continuance of the policy, until she shall have paid twenty full years' premiums," and the policy is dated July 3d, 1868. The premiums were regularly paid until January 3, 1870, and since that date no premiums have been paid nor other action had. In March, 1877, the corporation was dissolved and a receiver appointed. The petitioner now claims a paid-up policy upon a surrender of the old policy, or that she should be allowed to participate in the assets of the defunct corporation.

The policy lapsed by virtue of the conditions therein contained, by neglect for over seven years to pay the premium. If the petitioner could demand a paid-up policy after a neglect to pay her premium when due, it could only be within a reasonable time thereafter. Certainly seven years is far too long to come within so indulgent a rule as that suggested. When it is added that the corporation was dissolved before any surrender of the policy, and that a receiver had been appointed, the application comes too late.

But we are inclined to think no paid-up policy could legally be demanded after a forfeiture of the petitioner's policy by non-payment of premiums. When the policy was forfeited for any reason, it ceased to exist as a valid contract upon which this or any other application could be based.

The order is clearly right, and must be affirmed, with $10 costs and disbursements, to be paid by appellants to the receiver.

LEARNED, P. J., and TAPPAN, J., concurred.

Order affirmed, with $10 costs and printing, to be paid by appellants to receiver.